

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–13–75

|  |  |
|---|---|
| | **Opinion Delivered** October 9, 2013 |
| TIMOTHY ROGER SIMPSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF EDITH LAVERNE SIMPSON, DECEASED<br>APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. PR–10–131] |
| V. | HONORABLE PAMELA HONEYCUTT, JUDGE |
| BOBBY SIMPSON ET AL.<br>APPELLEES | REBRIEFING ORDERED |

## WAYMOND M. BROWN, Judge

Appellant Timothy Roger Simpson, as the personal representative of the Estate of Edith Laverne Simpson, deceased, appeals the September 5, 2012 order of the Craighead Circuit Court setting aside Edith's May 8, 2006 will.[1] Appellant argues that the court erred by setting the will aside. We do not reach the merits of appellant's arguments due to deficiencies in the abstract and brief.[2]

---

[1]The order lists the date of the will as May 8, 2010, but it is clear that the will set aside was created in 2006.

[2]There are also deficiencies in appellant's addendum, but appellees were diligent in supplementing the addendum with the missing documents.

Arkansas Supreme Court Rule 4-2(a)(3)[3] requires the appellant to list and separately number the points relied upon for reversal of the judgment or decree. These points must be concise and without argument. Here, appellant has failed to include the points on appeal in the brief. We note that the index includes a page number for the points on appeal, but the points are not found in the brief. Additionally, the second page of appellant's jurisdictional statement is missing from the brief.

Arkansas Supreme Court Rule 4-2(a)(5) requires an abstract of stenographically reported material that is essential for the appellate court to understand the case and to decide the issues on appeal. The abstract must not contain a verbatim reproduction of the transcript or use a question-and-answer format. Additionally, when abstracting the testimony the first person ("I") rather than the third person ("He or She") must be used. Here, appellant has included verbatim portions of the transcript in the abstract, including the question-and-answer format, which is expressly forbidden. Appellant has also failed to use the first person when abstracting some of the testimony.

We order appellant to submit a substituted brief, abstract, and addendum correcting the above-referenced deficiencies within fifteen days. We encourage appellant to review Rule 4-2 of the Rules of the Arkansas Supreme Court and Court of Appeals to ensure that the substituted abstract, brief, and addendum comply with the rules and that no additional deficiencies are present. After service of the substituted abstract, brief, and addendum,

---

[3](2012).

SLIP OPINION


appellees shall have an opportunity to revise or supplement its brief in the time prescribed by the clerk, or to rely on the brief that it previously filed in this appeal.

Rebriefing ordered.

HARRISON and WYNNE, JJ., agree.

*Dover and Zolper*, by: *Dennis M. Zolper*, and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellant.

*Dick Jarboe*, for appellee.